ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

December 13, 2005

The Honorable Tim Curry
Tarrant County Criminal District Attorney
Justice Center
401 West Belknap
Fort Worth, Texas 76196-0201

Opinion No. GA-0381

Re: Pretrial release practices in a county subject to chapter 1704 of the Occupations Code, which governs bail bond sureties   (RQ-0352-GA)

Dear Mr. Curry:

You ask several questions about pretrial release practices in a county subject to chapter 1704 of the Occupations Code, which governs bail bond sureties.[1]

Under the Texas Code of Criminal Procedure, a person accused of a crime may be permitted to make bail, which is security that the person will appear before the proper court and answer the accusation. *See* TEX. CODE CRIM. PROC. ANN. art. 17.01 (Vernon 2005). Bail under the Code of Criminal Procedure includes bail bonds and personal bonds. *See id.* A bail bond is a written undertaking by a defendant and the defendant's sureties, if any, guaranteeing the defendant's appearance and answer. *See id.* arts. 17.02, 17.08. A defendant executing a bail bond may post money in the amount of the bond in lieu of obtaining a surety as a signatory on the bond. *See id.* art. 17.02. Alternatively, at the court's discretion, a person may post a personal bond that meets the requirements of a bail bond under article 17.08 except for the requirement of a surety. *See id.* arts. 17.03(a), 17.04.

To facilitate personal bonds, a county or multicounty judicial district "may establish a personal bond office to gather and review information about an accused that may have a bearing on whether he will comply with the conditions of a personal bond and report its findings to the court before which the case is pending." *Id.* art. 17.42, § 1. A court releasing a defendant on such a personal bond office's recommendation may assess a personal bond fee, which may be used only to defray the personal bond office's expenses. *Id.* art. 17.42, § 4(a)-(b).

Several of your questions concern the applicability of chapter 1704 of the Occupations Code to personal bonds and bail bonds secured by money in lieu of a surety. Chapter 1704 regulates bail

---

[1]*See* Letter from Honorable Tim Curry, Tarrant County Criminal District Attorney, to Honorable Greg Abbott, Texas Attorney General (June 10, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

bond sureties in counties with a population of 110,000 or more, such as Tarrant County, or smaller counties that have created a bail bond board. *See* TEX. OCC. CODE ANN. §§ 1704.001-.002 (Vernon 2004).[2] A bail bond surety is "a person who . . . executes a bail bond as a surety or cosurety for another person; or . . . for compensation deposits cash to ensure the appearance in court of a person accused of a crime." *Id.* § 1704.001(2)(A)-(B). Chapter 1704 prohibits such sureties from soliciting business in a police station, a jail, a prison, or other detention facility. *See id.* § 1704.304(c). Also, chapter 1704 prohibits persons such as deputies or jailers from recommending a particular bail bond surety. *See id.* § 1704.304(b). Instead, in chapter 1704 counties, a "list of each licensed bail bond surety and each licensed agent of a corporate surety in a county must be displayed at each location where prisoners are examined, processed, or confined." *Id.* § 1704.105(b). *See generally* Tex. Att'y Gen. Op. No. GA-0089 (2003).

Your first two questions concern the legality of posting signs in county detention facilities about a defendant's alternatives to release on a bond executed by a surety. *See* Request Letter, *supra* note 1, at 2-3. You ask first whether a county may post signs in the county jail informing persons in custody about the availability of personal bonds administered by the personal bond office and providing the office's telephone number. *See id.* at 2. Second, you ask whether the county may post similar signs informing persons in custody about a defendant's option to execute a bail bond and deposit money in lieu of obtaining a surety's signature on the bond. *See id.* at 3. Your main concern is that chapter 1704 of the Occupations Code may prohibit posting such signs. *See id.* at 2-3. As you note, a personal bond, a bail bond secured with money, and a bail bond executed by a surety are all utilized by persons accused of a crime who seek release from confinement. *See id.* at 4. You state that a sign informing persons in custody about their alternatives to posting a bail bond executed by a surety arguably could be seen as the sheriff's or jail's endorsement of those alternatives and might run afoul of Chapter 1704. *See id.* at 1-2.

As previously discussed, however, chapter 1704 is primarily a regulatory scheme for certain bail bond sureties. No sureties are required for a defendant to execute a bail bond secured by money or a personal bond. Moreover, the personal bond office does not execute bonds or otherwise act as a surety. Accordingly, chapter 1704's prohibitions against surety solicitation or recommendation would not prevent a county from posting signs in the county jail informing persons in custody about personal bonds and the personal bond office or about bail bonds secured with money in lieu of a surety. *See* TEX. OCC. CODE ANN. § 1704.304(b) (Vernon 2004) (prohibiting recommending a particular surety).

You further ask whether such signs would constitute the unauthorized practice of law because they would inform individuals about legal options for pretrial release. The Government Code provides a definition of the practice of law:

> (a) In this chapter the "practice of law" means the preparation of a pleading or other document incident to an action or

---

[2] *See* BUREAU OF THE CENSUS, U.S. DEP'T OF COMMERCE, 2000 Census of Population: Texas QuickFacts (population of Tarrant County is 1,446,219), *available at* http://quickfacts.census.gov/qfd/states/48/48439.html).

special proceeding or the management of the action or proceeding on behalf of a client before a judge in court as well as a service rendered out of court, including the giving of advice or the rendering of any service requiring the use of legal skill or knowledge, such as preparing a will, contract, or other instrument, the legal effect of which under the facts and conclusions involved must be carefully determined.

(b) The definition in this section is not exclusive and does not deprive the judicial branch of the power and authority under both this chapter and the adjudicated cases to determine whether other services and acts not enumerated may constitute the practice of law.

(c) In this chapter, the "practice of law" does not include the design, creation, publication, distribution, display, or sale, including publication, distribution, display, or sale by means of an Internet web site, of written materials, books, forms, computer software, or similar products if the products clearly and conspicuously state that the products are not a substitute for the advice of an attorney. This subsection does not authorize the use of the products or similar media in violation of Chapter 83 and does not affect the applicability or enforceability of that chapter.

TEX. GOV'T CODE ANN. § 81.101(a)-(c) (Vernon 2005). Because the definition in subsection (a) is not exclusive, courts may decide case by case what constitutes the practice of law. *See Crain v. The Unauthorized Practice of Law Comm.,* 11 S.W.3d 328, 333 (Tex. App.–Houston [1st Dist.] 1999, pet. denied). Under the definition in section 81.101(a), the most pertinent question would be whether the information on the signs constitutes the rendition of legal advice. Generally, the practice of law includes "all advice to clients and all action taken for them in matters connected with the law." *See Crain,* 11 S.W.3d at 333.

We assume you envision signs that merely provide general information about personal bonds or bail bonds secured by a money deposit without suggesting whether they are appropriate in any particular circumstance. While the statutes and case law do not provide a definitive answer, we believe a court would conclude that a sign that generally describes the statutory provisions for release options and the functions of a personal bond office, without suggesting the suitability of any option to particular circumstances, does not provide legal advice and is not the unauthorized practice of law. *Cf.* TEX. DISCIPLINARY R. PROF'L CONDUCT 7.07(e)(1)(xi), (xiii), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005) (exemption from advertising rules for publically available information such as news articles and law articles and for public service announcements). Additionally, a sign containing legal information may be considered "written materials" under Government Code section 81.101(c). The section provides a limited exception for "written materials" that state the information is not intended to substitute for the advice of an attorney. TEX. GOV'T CODE ANN. § 81.101(c) (Vernon 2005). Consequently, in an abundance of caution, the

county may wish to include a disclaimer on any signs concerning personal bonds or bail bonds that it decides to post.

Your third question is whether, in light of opinion GA-0089, a county may post a sign in its jail that informs persons in custody of the right to make bail utilizing a surety bond and provides the telephone number of a surety bond referral service. *See* Request Letter, *supra* note 1, at 3; *see generally* Tex. Att'y Gen. Op. No. GA-0089 (2003). In that opinion we concluded that Occupations Code section 1704.304, which prohibits certain persons including the sheriff, a deputy, or a jailer from recommending a particular bail bond surety, does not allow such persons to recommend a short list of sureties. *See id.* at 3-4; *see also* TEX. OCC. CODE ANN. § 1704.304(b) (Vernon 2004). Because you do not describe the bail bond referral service in any detail, we cannot give you a definitive answer. However, following the reasoning in GA-0089, section 1704.304(b) would prohibit posting the telephone number of a referral service if it is essentially a means for a sheriff, deputy, jailer, or other person to recommend a surety or group of sureties. Presumably the referral service's telephone number would be posted in the county jail with at least the sheriff's tacit consent. *See de la Garza v. State*, 579 S.W.2d 220, 222-23 (Tex. Crim. App. 1979) (discussing sheriff's authority concerning county jail operations). Depending on the facts, posting a referral service telephone number in a county jail may raise a question whether the sheriff is illegally recommending a surety or sureties.

Moreover, such a sign is inconsistent with section 1704.105(b), which provides that "[a] list of each licensed bail bond surety and each licensed agent of a corporate surety in a county must be displayed at each location where prisoners are examined, processed, or confined." TEX. OCC. CODE ANN. § 1704.105(b) (Vernon 2004). Under the statute's plain language, posting a sign with a referral telephone number does not satisfy the requirement to post a "list of each licensed bail bond surety . . . in a county." *Id.* § 1704.105(b). Thus, even assuming a sign posting the telephone number of a bail bond referral service is not an illegal referral, the county must still display a complete surety list as required under section 1704.105(b).

Your fourth question is whether criminal judges' authority under article 26.04 of the Texas Code of Criminal Procedure to promulgate rules for appointment of defense counsel for indigents authorizes them to order a city to post the signs discussed above in the city jail. *See* Request Letter, *supra* note 1, at 4. Article 26.04 provides in pertinent part that "[the] judges of the county courts, statutory county courts, and district courts trying criminal cases in each county, by local rule, shall adopt and publish written countywide procedures for timely and fairly appointing counsel for an indigent defendant." TEX. CODE CRIM. PROC. ANN. art. 26.04(a) (Vernon Supp. 2004-05). You note that there is "a real world relationship between pretrial freedom and the ability to afford counsel." Request Letter, *supra* note 1, at 4. However, the right to make bail and the right to an attorney are distinct rights. *See* TEX. CONST. art. I, § 10 (concerning the right to counsel); *see id.* art. I, § 11 (concerning the right to bail). Article 26.04 suggests that indigent defense and bail are separate matters when it states that "[t]he procedures and standards [for appointing indigent defense] shall apply to each defendant in the county equally, regardless of whether the defendant is in custody or has been released on bail." TEX. CODE CRIM. PROC. ANN. art. 26.04(l) (Vernon Supp.2004-05). As a matter of statutory construction, article 26.04 does not expressly or implicitly authorize criminal judges to order city jails to post information about bail bond and personal bond alternatives.

Finally, you ask whether employees or agents of a personal bond office may interview persons in custody "in a city holding facility before the [persons] are processed and booked" for the "sole purpose of gathering the kind of information used to determine whether the [persons] would be suitable candidates for release on personal bond." Request Letter, *supra* note 1, at 4. You state that the "interviews would be strictly voluntary, and undertaken with the consent and cooperation of city officials." *Id.* We assume this question is prompted by your concern that a personal bond office may be subject to the Occupations Code's prohibition of bail bond surety solicitation of business in police stations, jails, prisons, or other detention facilities. *See* TEX. OCC. CODE ANN. § 1704.304(c) (Vernon 2004). Because the personal bond office does not function as a surety, section 1704.304(c) does not apply to it. Although legal issues may arise in specific circumstances, we are not aware of any general statutory provisions or common-law principles that would prohibit such interviews.

## S U M M A R Y

        Chapter 1704 of the Occupations Code concerning certain bail bond sureties does not prohibit a county from posting signs in county detention facilities informing defendants about statutory provisions for executing a bail bond secured by money or a personal bond and further providing the telephone number of the personal bond office. A county may only post the telephone number of a bail bond referral service in county detention facilities if it can do so in a manner that does not constitute a prohibited referral under Occupations Code section 1704.304(b); such a sign would not satisfy the requirement to post a list of bail bond sureties in certain locations required by section 1704.105. Article 26.04 of the Code of Criminal Procedure concerning indigent defense does not authorize judges of criminal courts to order city jails to post signs concerning release on bail bonds and personal bonds. Generally, employees or agents of a personal bond office may interview prisoners in a city holding facility for information gathering purposes on a voluntary basis.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee